## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, | : | Hon. Joseph H. Rodriguez |
| | : | Civil Action No. 10-3000 |
| Plaintiff, | : | MEMORANDUM ORDER |
| v. | : | |
| RICCELLI PREMIUM PRODUCE, INC. et al, | : | |
| Defendants. | : | |

This matter comes before the Court on an unopposed motion of Plaintiff Trustees of the Teamsters Pension Trust Fund of Philadelphia and Vicinity, seeking entry of default judgment against Defendants Riccelli Premium Produce, Inc. and Sam Riccelli Produce Broker, Inc. [Dkt. Entry No. 8]. The Court has considered Plaintiff's submissions and notes that Defendants have not responded to the motion. For the reasons expressed below, Plaintiff's motion will be granted.

## I. Background

Because Defendants have not responded in any way, all facts are taken from Plaintiff's Complaint [Dkt. Entry No. 1] and the certification attached to the Motion for Default Judgment [Dkt. Entry No. 8]. The Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Plan") is a multiemployer pension plan and employee pension benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (Comp. at ¶ 8.) Plaintiff Trustees of the Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Trustees") are fiduciaries of the Pension Plan and are authorized under sections 502(a)(3) and

4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), to bring this action on behalf of the Pension

Plan, its participants and beneficiaries.  (Id. at ¶¶ 9-10.)  Defendant Riccelli Produce,

Inc. ("Riccelli Produce") is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. § 1002(5).  (Id. at 12.)

Riccelli Produce was required to contribute payments to the Pension Plan

pursuant to the terms of several collective bargaining agreements between itself and the

International Brotherhood of Teamsters, Local Union No. 929.  (Id. at ¶ 19.)   On or

about October 9, 2009, the Trustees determined that Riccelli Produce had effected a

complete withdrawal from the Pension Plan in or about 2005.[1]  (Id. at ¶ 21.)   A letter

was addressed to Riccelli Produce's Vice President, Steven Riccelli, on October 9, 2009,

demanding payment of Riccelli Produce's withdrawal liability, computed as $21,637.93,

payable in five quarterly installments of $4,020.70 and a final quarterly payment of

$2,454.01, commencing on December 8, 2009.[2]  (Id. at ¶ 22.)  Riccelli Produce has failed

to initiate timely arbitration procedures and has failed to make any payments toward the

assessed withdrawal liability.[3]  (Id. at ¶¶ 23-24.)  Plaintiffs filed the present action on

_____

[1]"[A] complete withdrawal from a multiemployer plan occurs when an employer-
(1) ceases to have an obligation to contribute under the plan or (2) permanently ceases
all covered operations under the plan ." 29 U.S.C. § 1383(a).

[2]"If an employer withdraws from a multiemployer pension plan" the employer is
liable to the plan, as determined by 29 U.S.C. § 1381.  According to 29 U.S.C. § 1382, the
Pension Fund, as the sponsor of the fund, had an obligation to (1) determine
Defendant's withdrawal liability, (2) notify Defendant of the amount of withdrawal
liability, and (3) collect the amount of withdrawal liability from Defendant.

[3]Either party may initiate arbitration proceedings if the dispute over the existence
or amount of liability persists after review.  29 U.S.C. § 1401(a)(1).  If the employer fails
to initiate arbitration proceedings, the withdrawal liability assessment becomes due and
the trustees may commence an action to collect the unpaid withdrawal liability from the

June 14, 2010, seeking to recover the amount of the outstanding withdrawal liability, accrued interest on the delinquent withdrawal liability payments, liquidated damages, reasonable attorney's fees, and costs of suit.  (Id. at ¶¶ 28, 31.)  Named as defendants in the suit are Riccelli Produce and Sam Riccelli Produce Broker, Inc. ("Riccelli Produce") under an alter ego theory of liability.

## II.  Jurisdiction

Before entering default judgment against a party that has not filed a responsive pleading, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986); Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction.").

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question because the dispute arises under ERISA. Specifically, this Court has jurisdiction over civil actions to recover delinquent withdrawal liability payments pursuant to 29 U.S.C. § 1451.  The Court has personal jurisdiction over Defendant pursuant to the nationwide service of process provision of ERISA's Multiemployer Pension Plan Amendments Act, 29 U.S.C. § 1451(d).

## III.  Default Judgment Standard

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  The

---

employer. 29 U.S.C. §§ 1401(b)(1), 1451(b).

Rule provides:

>    **(a) Entering a Default.** When a party against whom a judgment for
>    affirmative relief is sought has failed to plead or otherwise defend, and that
>    failure is shown by affidavit or otherwise, the clerk must enter the party's
>    default.
>
>    **(b) Entering a Default Judgment.**
>
>    **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be
>    made certain by computation, the clerk – on the plaintiff's request, with an
>    affidavit showing the amount due – must enter judgment for that amount and
>    costs against a defendant who has been defaulted for not appearing and who is
>    neither a minor nor an incompetent person.
>
>    **(2) By the Court.** In all other cases, the party must apply to the court for a
>    default judgment. . . The court may conduct hearings or make referrals –
>    preserving any federal statutory right to a jury trial – when, to enter or effectuate
>    judgment, it needs to:
>        (A) conduct an accounting;
>        (B) determine the amount of damages;
>        (C) establish the truth of any allegation by evidence; or
>        (D) investigate any other matter.

Fed. R. Civ. P. 55.  Rule 55 contemplates a two-step process.  "Prior to obtaining a

default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of

default as provided by Rule 55(a)."  Nationwide Mutual Ins. Co. v. Starlight Ballroom

Dance Club, Inc., 175 Fed.Appx. 519, 521 n. 1 (3d Cir.2006).  After the defendant has

been defaulted, Rule 55(b)(2) authorizes district courts to enter a default judgment

against "a properly served defendant who fails to plead or otherwise defend an action."

See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359,

364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev., 922 F.2d 168,

177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its

clerk is authorized to enter a default judgment based solely on the fact that the default

has occurred.").

4

Even when the defendant is properly in default, a plaintiff is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  Default judgments are strongly disfavored in the interest of having a case decided on its merits.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).  Therefore, prior to entering default judgment, the Court must also establish that the plaintiff has asserted a legitimate cause of action and the extreme sanction of judgment by default is appropriate under the circumstances.

## III. Analysis

### A. The Defendant is Properly in Default

First, the Court must determine that the defendant is properly in default.  When the defendant has failed to appear or file any responsive pleading, the Court must find that the defendant was properly served.  See Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d. Cir. 1985) (noting that "a default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void").

Defendants were properly served with a copy of the Summons and Complaint on August 30, 2010, as substantiated by the return of service forms filed on August 31, 2010 [Dkt. Entry Nos. 5, 6].  Defendants failed to appear or otherwise respond to the Complaint, Plaintiffs requested an entry of default as to both Defendants [Dkt. Entry No. 7], and the Clerk of the Court entered Defendants' default on November 29, 2010.  Therefore, the procedural prerequisite of Rule 55(a) has been satisfied.

### B. Legitimacy of the Cause of Action and Damages

Next, the Court must determine that Plaintiff's allegations demonstrate a

5

legitimate cause of action and a right to the requested relief.  Defendants are deemed to have admitted the factual allegations of the complaint by virtue of their default, except those factual allegations related to the amount of damages.  See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998).  However, "a party in default does not admit mere conclusions of law."  Id. § 2688, at 63.  "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages."  Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990)).

The unchallenged factual allegations in the Complaint demonstrate that Plaintiff states a legitimate cause of action under ERISA.  As set forth in the complaint, Riccelli Produce completely withdrew from the plan, was notified by the Pension Plan of its withdrawal liability, and failed to contest that withdrawal liability assessment within the requisite ninety-day window.  Accordingly, the withdrawal liability assessed by the Pension Plan became due.

### C.  Factors Favoring Judgment by Default

Lastly, the Court must determine that default judgment is an appropriate sanction under the circumstances.  Before imposing the extreme sanction of judgment by default, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing

Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987)).  In weighing these factors, courts must remain mindful that default is a sanction of last resort and resolve all doubt in favor of proceeding on the merits.  Id.  Because Defendants have not filed any responsive pleading nor shown cause why a default judgment should not be granted, the Court need not determine if there is a  meritorious defense or whether the default was a result of willful misconduct.  Carpenters Health & Welfare Fund v. Naglak Design, Civil No. 94-2829, 1995 WL 20848, at *2 (E.D. Pa. Jan. 18, 1995); Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL 4276559, at *2 (D.N.J. Nov. 30, 2007).  The Court's sole consideration is whether Plaintiff will be prejudiced if default is denied.

Defendants have failed to make the required contributions to the Pension Plans and has not responded to Plaintiff's Complaint.  Therefore, Plaintiff has suffered and will continue to suffer if default judgment is not entered because delinquent contributions can negatively impact the Pension Plan's ability to pay beneficiaries. Acosta v. National Packaging, Inc., Civil No. 09-701, 2010 WL 30001191 *3 (D.N.J. July 28, 2010).  In addition, there is no other means available to Plaintiff to vindicate its claim against Defendants.  Therefore, judgment by default is an appropriate sanction under the circumstances.

## IV.  Damages

The district court has considerable latitude in determining the amount of damages.  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the court may conduct a hearing.  Fed. R. Civ. P. 55(b)(2).  However, the court is not required to do so "as long as it ensures that there is a basis for the damages

7

specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. October 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

This action to recover delinquent withdrawal liability payments was brought pursuant to 29 U.S.C. § 1451, which provides that an employer's failure to make a withdrawal liability payment is to be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. Specifically, in an action brought to enforce the payment of delinquent contributions in which judgment is awarded in favor of the plan, the Court may award damages in the form of: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2); Peterson v. Boyarsky Corp., Civil No. 08-1789, 2009 WL 983123, at *2 (D.N.J. April 8, 2009).

In support of its claim for damages, Plaintiff submits the Certification of Matthew D. Areman, Plaintiffs' attorney. [Dkt. Entry No. 10]. Mr. Areman certifies that Plaintiffs are owed a total amount of $23,657.75, which amount includes: $21,637.93 in assessed withdrawal liability; $64.91 in interest; $64.91 in liquidated damages; $1,450.00 in attorney's fees; and $440.00 in litigation costs. Unpaid contributions, interest, and liquidated damages generally are considered "sums certain" pursuant to the calculations mandated in ERISA and the parties' contractual agreements. See Int. Painters and Allied Trades Industry Pension Fund v. R.W. Amrine Drywall Company, Inc., et al., 239

8

F. Supp. 2d 26, 31 (D.D.C. 2002).  However,  the reasonableness of the requested attorney's fees and costs is a matter that requires the Court to exercise discretion.  See id.  Careful consideration of Plaintiff's calculations demonstrates that these fees and costs are reasonable under the "lodestar" method of evaluating attorney's fees adopted by the Third Circuit.  See Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).  Therefore, in accordance with the direction of 29 U.S.C. § 1132(g), Plaintiffs are entitled to the damages requested.

## IV.  Conclusion

For the reasons stated above, the Court finds that Plaintiffs are entitled to relief pursuant to Federal Rule of Civil Procedure 55(b).

Accordingly,

IT IS ORDERED on this 23rd day of March, 2011, that Plaintiffs' Motion for Default Judgment [Dkt. Entry No. 8] is hereby GRANTED.

  /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge

9